

# Brick Gentry P.C.
ATTORNEYS & COUNSELORS at Law

DOUGLAS A. FULTON
ATTORNEY

T: 515-274-1450
F: 515-274-1488
fulton.douglas@brickgentrylaw.com

June 26, 2014

**_VIA CERTIFIED MAIL_**

Great Lakes Medical Pharmacy, L.L.C.
3640 Enterprise Way
Miramar, FL 00325

      RE:   **Service of Petition under Iowa Code Section 617.3**
             **John Romano v. Great Lakes Medical Pharmacy, et al.**
             **Dallas County Case No.: LACV038907**

To Whom It May Concern:

    Enclosed please find file-stamped copies of the following documents in regard to this matter:

    1.    Original Notice;

    2.    Petition;

    3.    Attorney Fee Affidavit.

    If you have any further questions in regard to this matter, please contact me.

Sincerely,

*[signature]*

Douglas A. Fulton
For the Firm

Enclosures

*Brick, Gentry, Bowers, Swartz, & Levis P.C.*

6701 Westown Parkway, Suite 100    West Des Moines, Iowa 50266    T: 515-274-1450    F: 515-274-1488    www.brickgentrylaw.com


OFFICE OF THE IOWA SECRETARY OF STATE

June 23, 2014

MR DOUGLAS A. FULTON
BRICK GENTRY LAW FIRM
6701 WESTOWN PKWY STE 100
WEST DES MOINES, IA 50266

RE JOHN ROMANO vs GREAT LAKES MEDICAL
PHARMACY, LLC and LIVEWELL

Dear MR. FULTON:

The Original Notice & Petition in the above captioned matter are enclosed. Attached is a certificate of service indicating the filing of the Original Notice & Petition in this office pursuant to the provisions of Section 617.3, Code of Iowa.

Sincerely,

Matt Schultz
Secretary of State

MS/pm

# IOWA
## SECRETARY OF STATE

JOHN ROMANO

plaintiff(s)

vs.

GREAT LAKES MEDICAL PHARMACY, LLC and LIVEWELL
HOLDINGS, LLC, AIC HOLDINGS, LLC

defendant(s)

I, MATT SCHULTZ, Secretary of State of the State of Iowa, do hereby certify that the attached Original Notice & Petition were received and filed in the office of the Secretary of State at 10:00 AM, June 23, 2014.



MATT SCHULTZ / SECRETARY OF STATE

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| JOHN ROMANO, | CASE NO. LACV038907 |
| Plaintiff, | |
| v. | ***ORIGINAL NOTICE*** |
| GREAT LAKES MEDICAL PHARMACY, LLC and LIVEWELL HOLDINGS, LLC, A1C HOLDINGS, LLC | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE NOTIFIED** that a Petition has been filed in the office of the clerk of this court, naming you as the defendant in this action. A copy of the petition and any documents filed with it is attached to this notice. The attorneys for the Plaintiff are Douglas A. Fulton and Thomas J. Levis, whose address is 6701 Westown Parkway, Suite 100, West Des Moines, Iowa 50266. That attorney's phone number is (515) 274-1450; facsimile number (515) 274-1488.

You must serve a motion or answer within 60 days following the filing of this notice with the Secretary of State of the State of Iowa, and within a reasonable time thereafter, file your motion or answer, with the Clerk of Court for Dallas County, at the county courthouse in Adel, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

CLERK OF COURT
Dallas County Courthouse
Adel, Iowa 50309

IMPORTANT:

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| JOHN ROMANO, | CASE NO. LACV038907 |
|---|---|
| Plaintiff, | |
| v. | *PETITION* |
| GREAT LAKES MEDICAL PHARMACY, LLC, LIVEWELL HOLDINGS, LLC, A1C HOLDINGS, LLC | |
| Defendants. | |

COMES NOW the Plaintiff, by and through his attorneys, and in support of his cause of action against Defendants Great Lakes Medical Pharmacy, LLC, LiveWell Holdings, LLC, and A1C Holdings, LLC, states to the Court the following:

1. Plaintiff, John Romano is a resident of the City of Waukee, Dallas County, Iowa.

2. Defendant, Great Lakes Medical Pharmacy, LLC (hereinafter "**Great Lakes**") is a Michigan limited liability company.

3. Defendant LiveWell Holdings, LLC (hereinafter ("**Livewell**") is a Delaware limited liability company.

4. Defendant, A1C Holdings, LLC is a Delaware limited liability company operating in the State of Florida.

5. Plaintiff was employed at Great Lakes through Sanare, LLC from August of 2011 until April of 2014. During the term of his employment, Plaintiff was employed pursuant to an Employment Agreement (the "**Agreement**") which provided for a certain salary, benefits and bonuses and also which provided for a severance payment to be made upon termination of Plaintiff's employment without cause. A copy of the Agreement is attached hereto, marked **Exhibit "A"** and incorporated herein by this reference.

6. Great Lakes and Sanare, LLC were "employers" under Iowa Code §91A.2(4).

7. To Plaintiff's best knowledge, in August of 2013, Livewell purchased all of the membership interests held by Sanare in Great Lakes and assumed all responsibilities of the employer under the Agreement and under Iowa Code §91A.2(4).

8. From August of 2013 to April of 2014, Plaintiff continued to perform services for Great Lakes but through some relationship between Livewell Holdings, LLC and A1C Holdings, LLC, Plaintiff became an employee of A1C Holdings, LLC under the same terms and conditions as set forth in the Agreement.

9. In April of 2014 Plaintiff's employment was terminated and his position was eliminated.

10. At all times relevant hereto, Plaintiff was an "employee" under Iowa Code §91A.2(3) in that Plaintiff's employment was based in Dallas County, Iowa and Plaintiff was compensated in Dallas County, Iowa.

11. When Plaintiff was notified of the termination of his employment, Plaintiff requested that he be paid the severance payment called for in the Agreement. A copy of the demand for payment is attached hereto, marked **Exhibit "B"** and incorporated herein by this reference.

12. Despite demand therefore, the Defendants have failed to pay the severance payment when due.

13. By failing to pay the wages when due to an Iowa employee, Defendants have violated the Iowa Wage Payment Collection Act found at Iowa Code Chapter 91A.

14. Defendants' failure was intentional and an intentional violation of Iowa Code Chapter 91A.

15. Plaintiff is entitled to recover the amount of severance due, as well as liquidated damages, costs, expenses and attorney's fees.

16. The incidents that form the basis of this suit occurred in Dallas County, Iowa in that at all times relevant hereto, Plaintiff was located in Dallas County, Iowa.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount sufficient to fully and fairly compensate him for his unpaid wages, together with liquidated damages, reasonable attorney's fees, and interest thereon as provided by law and the costs of this action.

### *JURY DEMAND*

COMES NOW the Plaintiff and demands a trial by jury of all facts and issues herein.

BRICK GENTRY P.C.

By: /s/ *Douglas A. Fulton*
Douglas A. Fulton, AT0002672

By: /s/ *Thomas J. Levis*
Thomas J. Levis, AT0004609
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Telephone: (515) 274-1450
Fax: (515) 274-1488
E-Mail: douglas.fulton@brickgentrylaw.com

ATTORNEYS FOR PLAINTIFF

◎ SANARE 
E-FILED 2014 JUN 18 8:02 AM DALLAS - CLERK OF DISTRICT COURT

# EMPLOYMENT OFFER LETTER

July 1, 2011

Mr. John Romano
3215 Hunter Hollow Road
Waukee, Iowa 50263

Dear John:

    On behalf of Sanare, LLC, a Delaware limited liability company (the "Company"), I am pleased to offer you the position of Vice President, Pharmacy Services of the Company. The terms of your employment relationship with the Company will be as set forth below and will be subject to the approval of the Company's Board of Managers.

    1.    <u>Position</u>. Your position with the Company will be: Vice President, Pharmacy Services. As such, you will have such responsibilities as determined by the Board of Managers, the President or the Chief Operating Officer of the Company, and you will report directly to the Company's Chief Operating Officer. <u>Start Date</u>. Your employment with the Company will commence on or before August 31, 2011.

    2.    <u>Base Salary; Bonus</u>. You will be paid a base salary of $9,083.33 semi-monthly. Your salary will be payable in accordance with the Company's standard payroll policies (subject to normal required withholding). You will be entitled to four weeks paid vacation per year.. You will also be entitled to a bonus of up to 25% of your base salary based upon the achievement of Company and individual performance milestones determined with your supervisor and approved by the Board's Compensation Committee.

    3.    <u>Equity Participation</u>. Subject to the approval of the Board of Managers of the Company, you will be granted profits interests in the Company consisting of 2.06 Class B-1 Units, 0.88 Class B-2 Units and 2.94 Class C Units of membership in the Company. B-1 Units will vest at the rate of 20% of the units two years after commencement of employment and 2.222% of the units in each month over the three years thereafter. Vesting will, of course, depend on your continued employment with the Company. All terms and conditions of your profits interest units will be set forth in the specific documentation thereof, which will supersede this paragraph.

    4.    <u>Other Benefits</u>. You will be entitled to participate in the various employee benefit programs adopted from time to time by the Company in accordance with the terms thereof.

    5.    <u>Standard Employee Agreements</u>. Like all Company employees, you will be required to sign the Company's standard agreement relating to protection of the Company's proprietary and confidential information and assignment of inventions. In addition, you will abide by the Company's strict policy that prohibits any new employee from using or bringing with him or her from any previous employer any confidential information, trade secrets, or

5137403

proprietary materials or processes of such former employer. You will also be bound by the terms of any employee manual currently existing or later adopted by the Company.

6. <u>At-Will Employment</u>. As is true for all employees, you will be an employee-at-will, meaning that either you or the Company may terminate your employment relationship at any time, without notice, for any reason or no reason.

7. <u>Severance Allowance</u>. In the event that the Company terminates your employment without cause, you will be eligible to receive a severance allowance (less applicable withholdings) in an amount equal to six months of your base salary. The company may elect to pay the severance on a salary continuance basis.

8. <u>Federal Immigration Law</u>. For purposes of federal immigration law, you will be required to provide to the Company documentary evidence of your identity and eligibility for employment in the United States. Such documentation must be provided to us within three (3) business days of your commencement date, or our employment relationship with you may be terminated.

9. <u>Background Check</u>. We require that all prospective employees submit to a standard background check, and your employment offer is conditioned upon the completion of the background check with results satisfactory to the Company. Enclosed with this letter is a form authorizing such a background check. Please execute and return the authorization with the countersigned copy of this letter.

10. <u>Entire Agreement</u>. This offer letter, together with your profits interest documentation and your proprietary information and inventions agreement, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all other prior agreements or understandings. This offer may be withdrawn by the Company at any time prior to the Company's receipt of a copy of this letter countersigned by you. This offer may be executed by facsimile and in counterparts, which, when taken together, will constitute one and the same document. This letter will be governed by Nevada law.

Again, let me indicate how pleased we are to extend this offer, and how much we look forward to working together. Please indicate your acceptance by signing and returning the enclosed copy of this letter.

Very truly yours,

**SANARE, LLC**


Ron Geraty, CEO

The foregoing terms and conditions are hereby accepted:

Signed: _____
John Romano

Date: Aug 1st 2011



**BRICK GENTRY P.C.**
ATTORNEYS & COUNSELORS at LAW

Thomas J. Levis
Attorney

Telephone: 515-274-1450
Facsimile: 515-274-1488
tom.levis@brickgentrylaw.com

May 19, 2014

A1C Holdings, LLC
Attn: James Letko
11 Duke Court
Pittstown, NJ 08867

All American Medical Supply
3660 Enterprise Way
Miramar, FL 33025

Re: John Romano

Dear Mr. Letko:

This firm represents John Romano in connection with the termination of Mr. Romano's employment as the Vice President of the pharmacy's services. As you know, at the time Mr. Romano's employment was terminated, A1C Holdings, LLC and All American Medical were bound by the provisions of a Sanare July 1, 2011 Employment Agreement with Mr. Romano.

According to the July 1, 2011 Sanare Employment Agreement, in the event his employment is terminated, Mr. Romano is eligible to receive a severance allowance in an amount equal to six months of his base salary. As such, Mr. Romano is entitled to $108,500 in severance less applicable withholding taxes.

Please be advised that if you do not remit to Mr. Romano $108,500 less applicable withholding taxes within seven (7) days of the date of this letter, suit will be filed for breach of employment contract as well as a violation of Chapter 91A of the Iowa Code. Chapter 91A of the Iowa Code is known as the Wage Payment Collection Act. According to Chapter 91A, if an employer fails to pay severance wages to an employee, the employee will be entitled to an award of attorney fees as well as liquidated damages in an amount equal to the unpaid wages. According to 91A.2(7)(b): "Wages means compensation owed by an employer for: ...and severance payments which are due an employee under an agreement with an employer..."

If you have any questions about this letter or this demand, please contact the undersigned within seven (7) days of the date of this letter. Otherwise, if the wages are not paid, suit will be filed. Thank you for your cooperation in advance.

Very truly yours,

Thomas J. Levis

TJL:sb
cc: John Romano

*Brick, Gentry, Bowers, Swartz, & Levis P.C.*

6701 Westown Parkway, Suite 100    West Des Moines, Iowa 50266    T: 515-274-1450    F: 515-274-1488    www.brickgentrylaw.com

EXHIBIT "B"

## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| JOHN ROMANO,<br><br>Plaintiff,<br><br>v.<br><br>GREAT LAKES MEDICAL PHARMACY, LLC and LIVEWELL HOLDINGS, LLC, A1C HOLDINGS, LLC,<br><br>Defendants. | CASE NO. _____<br><br><br><br>*ATTORNEY FEE AFFIDAVIT* |

STATE OF IOWA )
) ss:
COUNTY OF DALLAS )

The undersigned attorney of record for the Plaintiff in this matter, does solemnly swear or affirm that there is no contract, agreement, or arrangement, either oral or written, express or implied, contemplating any division of compensation for services rendered in the above entitled proceedings or participation of such compensation, directly or indirectly by any other person, firm or corporation with such attorney except (if shown by these proceedings) other legal counsel in a regular and bona fide law partnership with or associated with the undersigned in the above entitled matter, or jointly serving with the undersigned, as attorney in this action.

FURTHER Affiant sayeth naught.

Dated this 18th day of June, 2014.

BRICK GENTRY P.C.

By: _____
Douglas A. Fulton, AT0002672
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Telephone: (515) 274-1450
Fax: (515) 274-1488
E-Mail: douglas.fulton@brickgentrylaw.com

Subscribed and sworn before me by Douglas A. Fulton on this 18th day of June, 2014.

_____
Notary Public in and for the State of Iowa

